UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:2023-cr-80105-Cannon/Reinhart

18 U.S.C. § 1347
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 982

UNITED STATES OF AMERICA

v.

YOSBEL ROQUE RUBIER,

Defendant.
_____/



FILED BY ˢʷ D.C.

JUN 15 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### The Medicare Program

1. The Medicare Program ("Medicare") was a federal program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled. The benefits available under Medicare were prescribed by statute and by federal regulations under the auspices of the United States Department of Health and Human Services ("HHS"), through its agency, the Centers for Medicare and Medicaid Services ("CMS"). Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2. Medicare was a "health care benefit program," as defined in Title 18, United States Code, Section 24(b).

3. Part B of the Medicare Program was a medical insurance program that covered, among other things, certain physician and outpatient services, and other health care benefits, items,

and services, including durable medical equipment ("DME"), that were medically necessary and ordered by licensed medical doctors or other qualified health care providers. DME is equipment that is designed for repeated use and for a medical purpose, such as prosthetic limbs, back braces, knee braces, and wheelchairs.

4. For Florida beneficiaries, Medicare Part B's insurance concerning DME and related health care benefits, items, and services, was administered by CGS Administrators, LLC ("CGS") pursuant to a contract with HHS. Among CGS's responsibilities, it received, adjudicated, and paid the claims of authorized DME suppliers that were seeking reimbursement for the cost of DME and other health care benefits, items, or services supplied or provided to Medicare beneficiaries.

5. DME companies, physicians, and other health care providers that sought to participate in Medicare Part B and bill Medicare for the cost of DME and related benefits, items, and services were required to apply for and receive a National Provider Identifier number ("NPI"). In the application, the provider acknowledged that to be able to participate in the Medicare program, the provider must comply with all Medicare-related laws and regulations.

6. The NPI allowed a DME company to submit bills, known as "claims," to Medicare to obtain reimbursement for the cost of DME and related health care benefits, items, and services that a DME company had supplied to beneficiaries.

7. Medicare permitted DME companies to submit claims for reimbursement electronically. Each claim required certain important information, including: (a) the Medicare beneficiary's name; (b) the Medicare beneficiary's identification number; (c) the name and NPI of the doctor or other qualified health care provider who ordered the health care benefit, item, or service that was the subject of the claim; (d) the health care benefit, item, or service that was

provided or supplied to the beneficiary; (e) the billing codes for each benefit, item, or service; and (f) the date upon which the benefit, item, or service was provided or supplied to the beneficiary.

8. Under Medicare rules and regulations, DME or other related health care benefits, items, or other services must be medically necessary and ordered by a licensed doctor or other licensed, qualified health care provider in order to be reimbursed by Medicare. When electronically submitting a claim, the provider certified that the contents of the form were true, correct, and complete, and that the form was prepared in compliance with the laws and regulations governing the Medicare Program.

9. Medicare, through CGS, generally would pay a substantial portion of the cost of the DME or related health care benefits, items, and services that were medically necessary and ordered by licensed doctors or other qualified health care providers.

10. Payments under Medicare Part B were often made directly to the DME company rather than to the patient/beneficiary. For this to occur, the beneficiary would assign the right of payment to the DME company or other health care providers. Once such an assignment took place, the DME company would assume the responsibility for submitting claims to, and receiving payments from, Medicare.

### Corporation

11. FCM Supply LLC ("FCM Supply") was a Florida company with a principal place of business in Palm Beach County, Florida. It was organized on or about May 2, 2022. It was purportedly in the business of supplying DME to Medicare beneficiaries. As of May 24, 2022, FCM Supply was eligible to receive payments from Medicare for DME supplied to beneficiaries, if the DME was medically necessary.

## COUNTS 1-10
### Health Care Fraud
### (18 U.S.C. § 1347)

1. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2. Beginning on or about December 21, 2022, and continuing through on or about March 8, 2023, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**YOSBEL ROQUE RUBIER,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, Medicare.

### Purpose of the Scheme and Artifice

3. It was a purpose of the scheme and artifice for the defendant to unlawfully enrich himself by, among other things: (a) submitting and causing the submission of false and fraudulent claims to Medicare; (b) concealing the submission of false and fraudulent claims to Medicare, and the receipt and transfer of fraud proceeds; and (c) diverting fraud proceeds for his personal use and benefit.

### The Scheme and Artifice

The manner and means by which the defendant sought to accomplish the purpose and object of the scheme and artifice to defraud included, among other things, the following:

4

4. Beginning on or about December 21, 2022, and continuing through on or about March 8, 2023, **YOSBEL ROQUE RUBIER** submitted and caused the submission of false and fraudulent Medicare claims on behalf of FCM Supply, seeking approximately $888,214 for DME that was neither ordered by a medical provider, nor provided to the beneficiary as claimed.

5. Based on these false and fraudulent claims, Medicare paid FCM Supply approximately $443,034.

6. **YOSBEL ROQUE RUBIER** used the proceeds of the health care fraud for his personal use and benefit, and to further the fraud.

### Acts in Execution of the Scheme and Artifice

7. On or about the claim dates specified as to each count below, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**YOSBEL ROQUE RUBIER,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program, affecting commerce, that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of Medicare, in that the defendant submitted and caused the submission of Medicare claims seeking the identified approximate dollar amounts, and represented that, on or about the identified dates of service, FCM Supply had provided the identified DME to the identified beneficiaries pursuant to orders and prescriptions of the identified medical providers, who had been assigned the identified NPIs:

| Count | Beneficiary | Purported Service Date | Approx. Claim Date | DME | | | Approx. Amount Claimed |
|---|---|---|---|---|---|---|---|
| | | | | QTY | Code | Description | |
| 1 | S.M. | 10/25/2022 | 12/21/2022 | 85 | A6010 | Collagen based wound filler, dry form, sterile, per gram of collagen | $3,058.30 |
| 2 | A.A. | 11/10/2022 | 12/22/2022 | 100 | A6021 | Collagen dressing, sterile, size 16 sq. in. or less, each | $2,447 |
| 3 | P.K. | 11/16/2022 | 1/13/2023 | 100 | A6021 | Collagen dressing, sterile, size 16 sq. in. or less, each | $2,447 |
| 4 | R.A. | 12/1/2022 | 1/23/2023 | 90 | A6010 | Collagen based wound filler, dry form, sterile, per gram of collagen | $3,238.20 |
| 5 | A.K. | 12/2/2022 | 1/13/2023 | 75 | A6010 | Collagen based wound filler, dry form, sterile, per gram of collagen | $2,698.50 |
| 6 | J.V.W. | 12/8/2022 | 12/22/2022 | 75 | A6010 | Collagen based wound filler, dry form, sterile, per gram of collagen | $2,698.50 |

| Count | Beneficiary | Purported Service Date | Approx. Claim Date | DME | | | Approx. Amount Claimed |
|---|---|---|---|---|---|---|---|
| | | | | QTY | Code | Description | |
| 7 | M.M. | 12/9/2022 | 1/13/2023 | 75 | A6022 | Collagen dressing, sterile, size more than 16 sq. in. but less than or equal to 48 sq. in., each | $1,831.50 |
| 8 | L.K. | 12/13/2022 | 1/13/2023 | 75 | A6010 | Collagen based wound filler, dry form, sterile, per gram of collagen | $2,698.50 |
| 9 | J.A.. | 12/20/2022 | 1/17/2023 | 95 | A6010 | Collagen based wound filler, dry form, sterile, per gram of collagen | $3,418.10 |
| 10 | R.K. | 12/23/2022 | 1/13/2023 | 75 | A6010 | Collagen based wound filler, dry form, sterile, per gram of collagen | $2,698.50 |

In violation of Title 18, United States Code, Sections 1347 and 2.

### COUNTS 11-14
### Aggravated Identity Theft
### (18 U.S.C. § 1028A(a)(1))

1. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

7

2. On or about the claim dates specified as to each count below, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**YOSBEL ROQUE RUBIER,**

during and in relation to felony violations of Title 18, United States Code, Section 1347 (health care fraud), as charged in the counts of this Indictment indicated below, knowingly transferred, possessed, and used, without lawful authority, means of identification of other persons, that is, NPIs, in that the defendant submitted Medicare claims for approximately the identified dollar amounts, and represented that, on or about the identified dates of service, FCM Supply had provided the identified DME to Medicare beneficiaries pursuant to orders and prescriptions of the identified medical providers, who had been assigned the identified NPIs:

| Count | Provider | NPI (last 4 digits) | Purported Service Date | Approx. Claim Date | DME Code | DME Description | Approx. Amount Claimed | Underlying Health Care Fraud Violation (Count) |
|---|---|---|---|---|---|---|---|---|
| 11 | E.A. | 2341 | 10/25/2022 | 12/21/2022 | A6010 | Collagen-based wound filler, dry form, sterile, per gram of collagen | $3,058.30 | 1 |

| Count | Provider | NPI (last 4 digits) | Purported Service Date | Approx. Claim Date | DME | | Approx. Amount Claimed | Underlying Health Care Fraud Violation (Count) |
|---|---|---|---|---|---|---|---|---|
| | | | | | Code | Description | | |
| 12 | A.A. | 5222 | 11/10/2022 | 12/22/2022 | A6021 | Collagen dressing, sterile, size 16 sq. in. or less, each | $2,447 | 2 |
| 13 | R.A. | 9822 | 12/1/2022 | 1/23/2023 | A6010 | Collagen-based wound filler, dry form, sterile, per gram of collagen | $3,238.20 | 4 |
| 14 | J.A. | 8470 | 12/20/2022 | 1/17/2023 | A6010 | Collagen-based wound filler, dry form, sterile, per gram of collagen | $3,418.10 | 9 |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURE
### (18 U.S.C. § 982)

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **YOSBEL ROQUE RUBIER**, has an interest.

2. Upon conviction of any violation of Title 18, United States Code, Section 1347, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or

9

personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to Title 18, United States Code, Section 982(a)(7).

All pursuant to Title 18, United States Code, Section 982 (a)(7) and the procedures outlined in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

_____ for _____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
SHANNON SHAW
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 9:2023-cr-80105-Cannon/Reinhart

v.

YOSBEL ROQUE RUBIER,

Defendant.
_____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☐ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☒ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish
4. This case will take 7 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)         (Check only one)
   I    ☐ 0 to 5 days       ☐ Petty
   II   ☒ 6 to 10 days      ☐ Minor
   III  ☐ 11 to 20 days     ☐ Misdemeanor
   IV   ☐ 21 to 60 days     ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
SHANNON SHAW
Assistant United States Attorney
FL Bar No.   92806

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: __YOSBEL ROQUE RUBIER__

Case No: 9:2023-cr-80105-Cannon/Reinhart

Counts # 1-10:

Health Care Fraud

18 U.S.C. § 1347
* Max. Term of Imprisonment: 10 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000 fine or twice the value of the gross gain or loss, whichever is greater

Counts # 11-14:

Aggravated Identity Theft

18 U.S.C. § 1028A(a)(1)
* Max. Term of Imprisonment: 2 years
* Mandatory Min. Term of Imprisonment (if applicable): 2 years, consecutive to any other term of imprisonment imposed
* Max. Supervised Release: 1 year
* Max. Fine: $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.